Joseph La Costa
CB#:108443
7860 Mission Center Court, Suite 201
San Diego, California 92108
(619) 922-5287

Attorney for Plaintiffs, **Edith Gomez, Oscar Vasquez, and Baby Vasquez (deceased)**

UNITED STATES DISTRICT COURT
Central District of California

| | |
|---|---|
| **EDITH GOMEZ, OSCAR VASQUEZ individually and as the Personal Representative of the Estate of their unborn child hereinafter "Baby Vasquez", Plaintiffs, V. Laurie Hernandez, Defendant.** | Case No. **Complaint** Diversity Jurisdiction WRONGFUL DEATH AND NEGLIGENCE |

Plaintiffs, Edith Gomez, Oscar Vasquez, Wife and Husband, individually and as the Personal Representative of the Estate of their unborn child hereinafter "Baby Vasquez", by and through their attorney, Joseph La Costa bring suit against Defendant Laurie Hernandez, (hereinafter "Defendant HERNANDEZ"), and state as follows:

**VENUE AND JURISDICTION**

The accident took place in State of California. EDITH GOMEZ, OSCAR VASQUEZ and their deceased child are Citizens and Residents of Mexico.

1

C:\Users\joela\Dropbox\jesus and oscar pi complaints\Edith Angelica Gomez & Oscar Ivan Vasquez\central district complaint.docx

Defendant LAURIE HERNANDEZ is a citizen of the United States and a resident of State of California and while the accident took place in Riverside county it is only known that she was a time of the accident Defendant LAURIE HERNANDEZ was a resident of Riverside County in the State of California.. If after discovery of the True residence of Defendant and any future Co-Defendants becomes known then the Plaintiffs agree to stipulate to a more convenient Forum for those Defendants.   At present many Questions about this accident remain open, since defendant has refused to answer any questions about the accident perhaps to protect her Fifth amendment rights against Self Incrimination, to date no criminal charges have been brought.

There is therefore diversity of citizenship and the amount in question exceeds $75,000.

### FACTS OF THE ACCIDENT

1. The Plaintiffs incorporate herein by reference all preceding paragraphs.
2. On April 18, 2019, at approximately 5:25 p.m., OSCAR VASQUEZ was lawfully operating his vehicle (2018 Chevrolet Aveo) and his wife EDITH GOMEZ and their unborn child were passengers traveling southbound on Interstate 215 in the county of Riverside, California. Traffic was stopped.
3. Defendant HERNANDEZ was operating a 2016 Honda Civic, traveling south bound was operating her vehicle in a negligent manner at high rate of speed and plowed into the Vasquez vehicle pushing it forward into two other cars.
4. OSCAR VASQUEZ and EDITH GOMEZ suffered serious injuries. Edith's jaw was broken, and she suffered a miscarriage a few days later.

### COUNT I – WRONGFUL DEATH AND PERSONAL INJURY

5. The Plaintiffs incorporate herein by reference all preceding paragraphs.

6. Defendant HERNANDEZ owed a duty OSCAR VASQUEZ and EDITH GOMEZ and their unborn child to use reasonable care in operating and controlling her vehicle.

7. Defendant HERNANDEZ failed to use reasonable care in operating her vehicle when she failed to yield the stop when approaching stopped traffic on the Interstate to OSCAR VASQUEZ and EDITH GOMEZ Edith Gomez, Oscar Vasquez and their unborn child, and continued to drive when it was unsafe to do so.

8. Defendant HERNANDEZ caused the collision between Edith Gomez, Oscar Vasquez and their unborn child's vehicle and their vehicle, and breached his duties owed to Edith Gomez, Oscar Vasquez and their unborn child.

9. As a direct and proximate result of Defendant HERNANDEZ's negligence and breach of duties owed to Edith Gomez, Oscar Vasquez and their unborn child, BABY VASQUEZ their unborn child sustained fatal bodily injuries and was pronounced dead at a hospital in Mexico on April 19, 2019. Edith Gomez and Oscar Vasquez themselves were also seriously injured due to defendant's actions.

10. As a direct and proximate result of Defendant HERNANDEZ' negligence in causing the death of BABY VASQUEZ, Plaintiffs Edith Gomez, and Oscar Vasquez have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

WHEREFORE, Plaintiffs, Edith Gomez, Oscar Vasquez and their unborn child, demand judgment against the Defendants for their, property damage,

personal injury and wrongful death claims in the amount of FIVE MILLION DOLLARS ($5,000,000.00) in economic and non-economic damages, compensatory damages, plus costs, pre-judgment interest and post-judgment interest.

## COUNT II – SURVIVAL ACTION

11. The Plaintiffs incorporate herein by reference all preceding paragraphs.

12. Defendant HERNANDEZ owed Edith Gomez, Oscar Vasquez and their unborn child a duty to use reasonable care in operating and controlling her vehicle.

13. Defendant HERNANDEZ breached his duty owed to Edith Gomez, Oscar Vasquez and their unborn child when he failed to use reasonable care in operating her vehicle when she failed to yield to the stopped traffic and crashed into Edith Gomez, Oscar Vasquez and their unborn child when it was unsafe to do so.

14. Defendant Hernandez caused the collision between Edith Gomez, Oscar Vasquez and their unborn child's vehicle and his vehicle, and breached her duties owed to Edith Gomez, Oscar Vasquez and their unborn child.

15. As a direct and proximate result of Defendant Hernandez's breach of duties owed to Edith Gomez, Oscar Vasquez and their unborn child, Edith Gomez, Oscar Vasquez and their unborn child suffered from conscious pain and suffering was pronounced dead at a hospital in Mexico a few days later.

16. Plaintiffs bring a survival action pursuant for the aforementioned expenses, conscious pain and suffering and pre-impact fright suffered by Edith Gomez, Oscar Vasquez and their unborn child.

WHEREFORE, Plaintiff, Estate of Edith Gomez, Oscar Vasquez and as personal representative of the Estate of BABY VASQUEZ, demands judgment against the Defendant, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) in

economic and non-economic damages, compensatory damages, plus costs, pre-judgment interest and post-judgment interest.

## COUNT III – NEGLIGENCE

17. The Plaintiffs incorporate herein by reference all preceding paragraphs.

18. Defendant HERNANDEZ had a duty to act reasonably and use due care while driving. Defendant HERNANDEZ had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the State of California, to maintain proper speed for the conditions, to reduce speed to avoid an accident and to control his vehicle to avoid a collision.

19. Defendant Hernandez breached that duty of due care by failing to pay proper attention to the roadway, pedestrians and traffic, failing to maintain a proper lookout, failing to obey the traffic control device, failing to obey the laws and rules of the State of California , failing to maintain proper speed for the conditions, failing to reduce speed to avoid an accident, failing to maintain a proper distance between vehicles and failing to control his vehicle in order to avoid a collision.

20. As a direct result of the automobile collision and the negligence of Defendant HERNANDEZ, Edith Gomez, Oscar Vasquez and their unborn child suffered conscious pain and suffering and BABY VASQUEZ was pronounced dead on April 19, 2019.

21. As a direct result of the automobile collision and the negligence of Defendant HERNANDEZ, the Plaintiffs have suffered conscious pain and suffering, incurred medical expenses, funeral expenses and other damages.

22. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant HERNANDEZ, and were incurred without contributory negligence or assumption of the risk on the part of the

decedent, Edith Gomez, Oscar Vasquez and their unborn child, or an opportunity for Edith Gomez, Oscar Vasquez and their unborn child to avoid the accident.

WHEREFORE, Plaintiffs Edith Gomez, Oscar Vasquez and their unborn child, by Oscar Vasquez as personal representative of Baby Vasquez, demands judgment against Defendant HERNANDEZ in the amount of FIVE MILLION DOLLARS ($5,000,000.00) in economic and non-economic damages, compensatory damages, plus costs, pre-judgment interest and post-judgment interest.

## JURISDICTION AND CONSTITUTIONALITY OF CALIFORNIA LAW

Presently in California, "[a] fetus is not a person within the meaning of our wrongful death statute until there has been a live birth" *Justus v. Atchison* (1977) 9 Cal.3d 564, at 579-580. This means that in California, the parent(s) cannot bring a wrongful death civil suit if the unborn child dies based on negligence or other wrongdoing. If the parent or parents are witness to the wrongful act that brings about the fetal death, however, the parents may have a rightful claim for infliction of emotional distress.

California does treat Unborn Children as "Persons" in a number of areas including criminally, inheritance and family law matters.

However, to not allow recovery for wrongful death, California follows a minority rule, as nearly all the States and the District of Columbia allow actions for death of unborn children. Some states split on whether "Viability" is a controlling

factor, while a majority do not even consider that fact. The overwhelming majority of jurisdictions now allow recovery under wrongful death statutes for prenatal injuries resulting in stillbirth where the injury causes death of the child.

**California continues to cling to an Archaic and Unscientific definition of life rejected not only under the United States Constitution, but the overwhelming body of International Law and treaties of the United States.**

Other state cases and laws controlling these facts show the overwhelming concept of when life begins and when basic human and civil rights attach to unborn children these are:

**Alabama -** *Eich v. Town of Gulf Shores, 300 So.2d 354 (Ala. 1974);*

**Alaska -** *AK Stat § 09.55.585 (2015);*

**Arizona -** *Summerfield v. Superior Court, 698 P.2d 712, 719–24 (Ariz. 1985);*

**Arkansas-** *Crussell v. Electrolux Home Prods., Inc., 499 F. Supp. 2d 1137, 1138–41 (W.D. Ark.2007);*

**Colorado -** *Espadero v. Feld, 649 F. Supp. 1480, 1483–85 (D. Colo. 1986), cited with approval in Keefe v. Pizza Hut of Am., Inc., 868 P.2d 1092, 1094 (Colo. App. 1994);*

**Connecticut -** *Gorke v. LeClerc, 181 A.2d 448 (Conn. Super. Ct. 1962); Florence v. Town of Plainfield, 849 A.2d 7, 15–19 (Conn. Super. Ct. 2004);*

**Delaware -** *Luff v. Hawkins, 551 A.2d 437, 438 n.1 (Del. Super. Ct. 1988) and Worgan v. Greggo & Ferrara, Inc., 128 A.2d 557 (Del. Super. Ct. 1956);*

**District of Columbia -** *Greater Se. Cmty. Hosp. v. Williams, 482 A.2d 394, 396 & n.2 (D.C. 1984) (express statement in context of wrongful death action);*

**Florida -** *Fla. Stat. Ann. §775.021(5) creates civil right of action ;*

**Georgia -** *Porter v. Lassiter, 87 S.E.2d 100 (Ga. Ct. App. 1955); Shirley v. Bacon, 267 S.E.2d 809 (Ga. Ct. App. 1980);*

**Hawaii -** *Wade v. United States, 745 F. Supp. 1573, 1579 (D. Haw. 1990);*

**Idaho -** *Volk v. Baldazo, 651 P.2d 11, 13 (Idaho 1982);*

**Illinois -** *Chrisafogeorgis v. Brandenberg, 304 N.E.2d  2011]  (Ill. 1973) and 740 ILL. COMP. STAT. ANN. 180/2.2 (West 2010) (amending wrongful death statute to apply to an unborn child regardless of the stage of gestation or development);*

**Indiana -** *Indiana Code Title 34. Civil Law and Procedure § 34-23-2-1;*

**Iowa** *- Lambert v. Sisters of Mercy Health Corp., 369 N.W.2d 417 (Iowa 1985) (recognizing action for medical malpractice in attending pregnant woman) and Kilker ex rel. Kilker v. Mulry, 437 N.W.2d 1 (Iowa Ct. App. 1988) (prenatal injury);*

**Kansas -** *Hale v. Manion, 368 P.2d 1 (Kan. 1962);*

8

**Kentucky -** *Mitchell v. Couch, 285 S.W.2d 901 (Ky. 1955) (by implication in wrongful death action); City of Louisville v. Stuckenburg, 438 S.W.2d 94, 95 (Ky. 1968);*

**Louisiana -** *Wartelle v. Women's and Children's Hosp., Inc., 704 So.2d 778, 781 (La. 1998) (citing LA. CIV. CODE ANN. art. 26);*

**Maine -** *Shaw v. Jendzejec, 717 A.2d 367 (1998) 1998 ME 208;*

**Maryland -** *State ex rel. Odham v. Sherman, 198 A.2d 71 (Md. 1964);*

**Massachusetts -** *Mone v. Greyhound Lines, Inc., 331 N.E.2d 916 (Mass. 1975);*

**Michigan -** *Marlow v. Krapek, 174 N.W.2d 172 (Mich. Ct. App. 1969) O'Neill v. Morse, 188 N.W.2d 785 (Mich. 1971); Jarvis v. Providence Hosp., 444 N.W.2d 236, 238–39 (Mich. Ct. App. 1989);*

**Minnesota -** *Verkennes v. Corniea, 38 N.W.2d 838 (Minn. 1949) (same); Pehrson v. Kistner, 222 N.W.2d 334, 336 (Minn. 1974) (following Verkennes);*

**Mississippi -** *Rainey v. Horn, 72 So.2d 434, 439–40 (Miss. 1954) (express statement in context of wrongful death action);*

**Missouri -** *O'Grady v. Brown, 654 S.W.2d 904 (Mo. 1983);*

**Montana -** *Strzelczyk v. Jett, 870 P.2d 730 (Mont. 1994) (by implication in wrongful death action);*

**Nebraska-** *Hartley v. Guthmann, 532 N.W.2d 331 (Neb. 1995) (prenatal injury); Miles v. Box Butte County, 489 N.W.2d 829 (Neb. 1992);*

9

**Nevada -** *White v. Yup, 85 Nev. 527 (1969);*

**New Hampshire -** *Poliquin v. MacDonald, 135 A.2d 249 (N.H. 1957);*

**New Jersey -** *Giardina v. Bennett, 111 N.J. 412 (1988), 545 A.2d 139;*

**New Mexico -** *Davila v. Bodelson, 704 P.2d 1119 (N.M. Ct. App. 1985) Salazar v. St. Vincent Hosp., 619 P.2d 826 (N.M. Ct. App. 1980);*

**North Carolina -** *DiDonato v. Wortman, 358 S.E.2d 489, 490–93 (N.C. 1987);*

**North Dakota –** *Hopkins v. McBane, 359 N.W.2d 862 (N.D. 1984);*

**Ohio -** *Williams v. Marion Rapid Transit, Inc., 87 N.E.2d 334 (Ohio 1949) and Griffiths v. Doctors Hosp., 780 N.E.2d 603, 606 (Ohio Ct. App. 2002);*

**Oklahoma -** *OKLA STAT. ANN. tit. 12, § 1053(F) (West Supp. 2012); OKLA STAT. ANN. tit. 63, § 1-730;*

**Oregon-** *Mallison v. Pomeroy, 291 P.2d 225 (Or. 1955) (by implication in wrongful death case);*

**Pennsylvania -** *Amadio v. Levin, 501 A.2d 1085 (Pa. 1985);*

**Rhode Island -** *Presley v. Newport Hosp., 365 A.2d 748 (R.I. 1976);*

**South Carolina -** *Hall v. Murphy, 113 S.E.2d 790, 793 (S.C. 1960) (express statement in context of wrongful death action);*

**South Dakota -** *Farley v. Mount Mary Hosp. Ass'n, 387 N.W.2d 42 (S.D. 1986);*

**Tennessee-** *Shousha v. Matthews Drivurself Serv., Inc., 358 S.W.2d 471, 476 (Tenn. 1962);*

**Texas -** *TEX. CIV. PRAC. & REM. CODE ANN. § 71.001(4) (West 2008) (defining "individual" in wrongful death statute to include "an unborn child at every stage of gestation from fertilization until birth");*

**Utah -** *Reiser v. Lohner, 641 P.2d 93 (Utah 1982) (apparently recognizing that a cause of action for prenatal injuries exists in Utah);*

**Vermont -** *Vaillancourt v. Med. Ctr. Hosp. of Vt., Inc., 425 A.2d 92, 94–95 (Vt. 1980) (by implication in wrongful death action);*

**Virginia -** *Lawrence v. Craven Tire Co., 169 S.E.2d 440 (Va. 1969) and Kalafut v. Gruver, 389 S.E.2d 681 (Va. 1990);*

**Washington -** *Moen v. Hanson, 537 P.2d 266 (Wash. 1975);*

**West Virginia -** *Farley v. Sartin, 466 S.E.2d 522, 528 (W. Va. 1995);*

**Wisconsin -** *Kwaterski v. State Farm Mut. Auto. Ins. Co., 34 Wis. 2d 14 (Wis. 1967);*

**Wyoming-** *there is no appellate authority, but a 2002 trial court allowed a cause of action for the wrongful death of a "stillborn child." Jeffers v. Wyoming Medical Center, No. 77727A, 2002 WL 33963921, at *1 (Wyo. Dist. Ct. Sept. 23, 2002).*

The Current law in California violates several principles of Constitutional Law:

1. **Violates Equal Protection Law** –18 U.S. Code § 1841. Protection of Unborn Children Act also known as "Lacy's Law" states that a criminal act on Federal

11

property resulting in a death of an unborn child raises both criminal and civil Penalties. This accident happened on an Interstate Highway involving nationals of different countries.

2. **Violates Equal Protection Law –** California law does allow for prosecution of Wrongful Death of Unborn Children criminally, with right to Restitution but not for civil cases when no prosecution is done. Here, HERNANDEZ could have been cited for reckless driving, but to date has not. All this is clearly intertwined with the politics involved in the ongoing political controversies involving the constitutionality of _Roe v. Wade_. Some of the above cases were determined before _Roe_ others used _Roe's_ standards of viability, while more recent cases throw out the issue of viability altogether .

3. **Relies wrongfully of the logic of _Roe_** -The Rights of Unborn Children and the science involving them has advanced so far that _Roe_ needs to be reviewed in light of these changes. Across society the value of Unborn Children has increased greatly from 1983 and California's denial of Survivor Rights to parents who lose a child is a violation of the United States Constitution Fifth Amendment's "Right to Life". Clearly the failure of California to protect its most vulnerable "persons" with civil redress violate principals of due process and fairness.

4. **Violates the Charter of the United Nations and The Universal Declaration of Human Rights (UDHR)** – Both the United States and Mexico are signatories of the United Nations Charter [United States approval October 24, 1945 and Mexico approval on November 7, 1945.] Article 3 of the charter states: *Everyone has the right to life, liberty and security of person*. California's law impermissibly violates the Charter by putting an unnecessary burden on the rights of visitors to California and as such violates a Treaty of the United States and as such violates International Law.

PRAYER FOR RELIEF

WHEREFORE plaintiffs pray for judgment against defendant, on all causes of action as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For personal property damages according to proof;

4. For pre-judgment and post-judgment interest as allowed by law;

5. For costs of suit incurred herein; and

6. For such other and further relief as this Court may deem just and proper.

DATED: January 2, 2020

Respectfully submitted,

/s/ Joseph La Costa

JOSEPH LA COSTA,

 ATTORNEY AT LAW FOR PLAINTIFFS

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all claims.

DATED: January 2, 2020

Respectfully submitted,

/s/ Joseph La Costa

JOSEPH LA COSTA,

ATTORNEY AT LAW FOR PLAINTIFFS

C:\Users\joela\Dropbox\jesus and oscar pi complaints\Edith Angelica Gomez & Oscar Ivan Vasquez\central district complaint.docx